DECISION
PER CURIAM.
This matter came before the full Court on Saturday, July 20, 2013. Heard before Associate Justice Todd Matha, Associate Justice Dennis Funmaker and Chief Justice Mary Jo B. Hunter. The Appellants, Kimberly Waukau and James Greendeer, were represented by James C. Ritland, Black River Falls, Wisconsin. The HCN Election Board was represented by Heidi A. Drobnick, Woodbury, Minnesota. Oral arguments were made based upon the Court’s receipt of briefs from each side.
Prior to oral arguments, Attorney Drob-nick requested that the name of the HCN Election Board Chairperson, Judy Whitehorse, be dropped from the caption as she was not named in the initial Complaint. Upon review of the lower court file, this Court has removed the name of Ms. Whitehorse from the caption as requested. Mr. Ritland had no objection to the removal of the name from the caption.
Ms. Drobnick had filed an Appellee’s Motion to Vacate and Notice and Motion in Opposition to Appeal on July 16, 2013. This Court heard the motion on July 20, 2013 and took it under advisement. The motion is denied and the reasons for the denial will be addressed below.
The Appellants filed the appeal of the Order (Denial of Election Challenge) dated July 2, 2013 on July 5, 2013. They alleged that the Trial Court had erred in applying the HCN Election Ordinance and was in error for not ordering a new election. This Court has reviewed the briefs and heard the oral arguments on this matter. Based upon the record, this Court AFFIRMS the Order of the Trial Court. Associate Justice Dennis Funmaker dissents from the decision of the majority.
DISCUSSION
The motion filed by the Appellee is rendered moot by the Court’s affirmation of the lower court ruling. However, the motion would have been denied as the crux of the motion was that the parties were not served. However, the Appellants’ attorney served the Notice of Appeal on the attorney of record. This Court reviewed the lower court file and did not find any Substitution of Counsel or Withdrawal of Counsel. Therefore, the Appellants’ service upon the attorney of record was sufficient and adequate service. The Certificate of Representation filed by the Appellee’s new counsel did not occur until July 16, 2013. Service upon the attorney of record was fulfilled based upon the record below. The motion is denied.
This Court has considered the arguments made to this Court. This Court has previously adopted an abuse of discretion standard for election appeals. The standard applied requires the Court to determine if any error of law was made by the lower court in issuing its decision. Did the lower court decide the matter in an unreasonable, unconscionable and arbitrary manner without considering the facts and law properly? Daniel Youngthunder, Sr. v. Jonette Pettibone, et al., SU 00-05 (HCN S.Ct., July 28, 2000). This Court has applied this standard in the instant matter.
A Trial was held on July 1, 2013 by the Court below to hear the matter. Although several witnesses were identified by the Appellants, the record shows that three witnesses testified on behalf of Appellant James Greendeer. Appellant Waukau did not produce any of the 8 individuals identi *212 fied as witnesses at the trial. The Appellants did provide exhibits for the Court. The exhibits were provided over the objections of the Appellees. Tr. At 2:58:27 PM CST.
In lieu of testimony, Appellants submitted Defendant’s (sic) Exhibit 1 which was a notarized document with 8 signatures that indicated that the signatories had attempted to vote at the District 3 polling sight but that they were unable to vote at the location as it was not set up as a polling place. They indicated that they would have voted for Kim Waukau.
The Trial Court reviewed the statement signed by the 8 people and noted that none of the individuals appeared at the trial. The Court stated that the Appellant Wau-kau did not seek subpoenas to direct the witnesses to appear at the trial. The Court also considers the offer of proof made by Appellant Greendeer as 9 people who were unable to east their vote at the TAU Building. Appellant Greendeer was able to provide 3 witnesses at the trial.
The Trial Court is in the best position to consider testimony of witnesses when it is available. The Trial Court also considers the evidence. In this case, the Trial Court held that the Appellants had not met their burden of proof that the election would have been different. The Court held that the parties did not prove that the requisite number of voters who would have changed the election result was aggrieved by the change in location of the TAU polling site. The burden was on the Appellants Greendeer and Waukau to provide witnesses to testify in a sufficient number that would have established that the election results would have been different. Their failure to do so is not sufficient reason to overturn the holding of the lower court. The analysis of the Trial Court where evidence and witnesses are insufficient to establish the burden of proof is not arbitrary, unreasonable or unconscionable. The lower court reviewed the matter fully and objectively. This Court AFFIRMS the decision of the Court below.
EGI HESKEKJET